UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIRSO ALONSO ESTEBAN, BY
AND THROUGH HIS SON AND
NEXT FRIEND, CHRISTOPHER
ALONSO;

        Petitioner,

        v.

WARDEN, GLADES COUNTY
DETENTION CENTER,  U.S.
ATTORNEY GENERAL,

        Respondents,

Case No. 2:26-cv-1071-KCD-NPM

## **ORDER**

Petitioner Tirso Alonso Esteban is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an accompanying emergency motion for temporary restraining order (Doc. 11).[1] He seeks an order preventing the Government from removing him outside the Middle District of Florida without the Court's permission while his habeas petition is pending.

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted;

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

(3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

To the extent Esteban's motion seeks to enjoin the Government from implementing any removal order it has (or may have), his request is denied. The Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Esteban—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Staying Esteban's removal would be to forbid the executive from doing what § 1252(g) says we cannot interfere with. "Courts across the country have thus found that they are

2

barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018). Because § 1252(g) removes this Court's power to act, Esteban's request to enjoin his current (or eventual) removal from the United States must be denied. *See, e.g.*, *Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

As for Esteban's request to prohibit his transfer outside the Middle District of Florida, the answer is similarly no. "That's because a district court lacks jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General." *Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025).

But even if there was jurisdiction, the motion still falls short because Esteban has not "clearly establish[ed] that he is likely to succeed on the

merits." *Wreal, LLC*, 840 F.3d at 1247. He maintains that the Government is illegally holding him under 8 U.S.C. §1225. Yet two circuit courts have now rejected his proposed reading of §1225. *See, e.g.*, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

Nor has Esteban shown an "irreparable injury [that is] neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). He claims that a transfer to a different jurisdiction would effectively sever access to counsel, thereby violating his First and Fifth Amendment rights, as well as his statutory right to counsel under 8 U.S.C. § 1362. Without an injunction, he warns, government interference will delay his immigration proceedings and he will be unable to present evidence. (Doc. 11 at 13-14.)

These arguments overstate the law. Let's start with the constitutional claims. It is true that an alien in civil deportation proceedings has a Fifth Amendment due process right to a fundamentally fair hearing, which includes the effective assistance of counsel. But it is quite a leap to say that relocating a detainee to a different facility inherently violates that right. An alien simply does not have the right to be detained in a facility that gives him his preferred access to counsel. Esteban's fear that a transfer will obliterate his ability to communicate with his lawyer assumes that any new facility will

4

completely cut off his access to legal calls, video visits, or mail. We cannot enjoin the executive branch based on that kind of speculation. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) ("[A] party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury."). Relocating a detainee to a facility that happens to be more remote or inconvenient for his lawyer to visit does not, without more, cross a constitutional line.

The statutory argument fares no better. Section 1362 provides that an alien has the privilege of being represented by counsel of their choosing, but it explicitly notes this must be "at no expense to the Government." It guarantees the right to retain a lawyer; it does not guarantee a geographic anchor. It certainly does not mandate that the Attorney General freeze a detainee in a specific Florida facility just to accommodate his current counsel's logistical limitations or funding boundaries.

Finally, as to the claim that a transfer will delay his immigration proceedings or prevent him from presenting evidence: that, too, is a hypothetical injury. Esteban offers no evidence that a transfer would actually bar him from participating in his immigration case, submitting necessary documents, or seeking redress in whatever judicial district might encompass a new facility. The Court declines to grant the extraordinary remedy of a

5

temporary restraining order based on a chain of what-ifs. *See, e.g., Marquez-Diaz*, 2025 WL 2061675, at *2.

For these reasons, Esteban's Amended Emergency Motion for Temporary Restraining Order (Doc. 11) is **DENIED**, and the case will proceed to a review of the merits.

**ORDERED** in Fort Myers, Florida on April 9, 2026.


Kyle C. Dudek
United States District Judge